IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE GILLETTE COMPANY, <br> One Gillette Park, Boston, MA 02127 <br><br> Plaintiff, <br><br> vs. <br><br> JUBA RAZORS <br> 1700 Aviara Parkway <br> P.O. Box 131762 <br> Carlsbad, CA 92011 <br><br> and <br><br> Unknown John Doe(s), <br> Unknown Jane Doe(s), <br><br> Defendants. | Civil Action No.: 14-cv-418 <br><br> Unassigned <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR DESIGN AND UTILITY PATENT INFRINGEMENT**

COMES NOW Plaintiff, The Gillette Company, (hereinafter "Gillette"), by and through its attorneys, and for its complaint against Defendant Juba Razors ("Juba") and other unknown John Doe and Jane Doe defendants associated with Juba Razors (collectively, all of the foregoing sometimes referred to herein as "Defendants"), alleges that:

**NATURE OF THE CASE**

1. This action arises from the manufacture, distribution, sale, and/or offer for sale of razor blades, razor cartridges, shaving blade units, dispensers for razor cartridges, and razor containers by Juba that infringe on the design patent and utility patent rights of Gillette, in violation of the Patent Act, 35 U.S.C. § 271 *et seq*. The razor blade products at issue in this case

intentionally imitate and directly copy the valuable, unique and distinctive ornamental and non-functional design of and containers for Gillette's Mach3® and/or Fusion® razor blade cartridges, shaving blade units, dispensers, and shaving blade containers products, thereby infringing Gillette's design patent rights in violation of the Patent Act, 35 U.S.C. § 271 *et seq.* The Defendants willfully infringe Gillette's utility patent rights by manufacturing, using, marketing, selling, offering for sale, and/or importing into the United States razor blade products that infringe at least one claim of Gillette's utility patent rights in violation of the Patent Act, 35 U.S.C.§ 271 *et seq.*

### THE PARTIES

2. The Gillette Company is a corporation licensed in the state of Delaware, with its principal place of business at One Gillette Park, Boston, Massachusetts, 02127 and is a wholly-owned subsidiary of The Procter & Gamble Company (hereinafter "P&G"), a corporation licensed in the state of Ohio. Gillette's Corporate Disclosure Statement is filed concurrently with this Complaint, as required by Rule 7.1 of the Federal Rules of Civil Procedure.

3. Upon information and belief, Defendant Juba Razors is an unincorporated entity, operated by and in conjunction with other unknown Defendants John Doe(s) and/or Jane Doe(s), with a listed address of 1700 Aviara Parkway, P.O. Box 131762, Carlsbad, CA 92011 and operating a website with an address of jubarazorshop.com.

4. Upon information and belief, one or more Defendants John Doe(s) and/or Jane Doe(s) (whose names and addresses are unknown) are individuals who at all times relevant hereto were owners, employees, agents, and/or representatives of Juba Razors.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Gillette's claims because they arise under the patent laws of the United States, including, but not limited to, Patent Act 35 U.S.C. § 271. Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. This Court has personal jurisdiction over Defendants Juba Razors and the Doe Defendants under Fed. R. Civ. Pro. 4 and under Ohio Rev. Code Ann. § 2307.382 because Defendants Juba Razors and the Doe Defendants upon information and belief, have committed acts of infringement in Ohio and/or have regularly solicited business or derived substantial revenue from goods promoted, advertised, sold, used, and/or consumed in the state of Ohio, and specifically have sold shaving blade units, razor blade cartridges, and/or dispensers for razor cartridges that infringe Gillette's intellectual property in the State of Ohio and have thus purposefully availed themselves of the privilege of doing business in the state of Ohio.

7. Venue is proper pursuant to 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

**OVERVIEW OF PLAINTIFF GILLETTE**

8. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D422,751 ("'751 Patent"), issued on April 11, 2000, which expired on April 14, 2014, claiming "the ornamental design for a razor blade cartridge." A copy of the '751 Patent is attached hereto as Exhibit A.

9. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D531,518 S ("'518 Patent), issued on November 7, 2006, claiming "the ornamental design for a dispenser for razor cartridges." A copy of the '518 Patent is attached hereto as Exhibit B.

3

10. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D533,684 ("'684 Patent"), issued on December 12, 2006, claiming "the ornamental design for a razor cartridge." A copy of the '684 Patent is attached hereto as Exhibit C.

11. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D604,904 ("'904 Patent"), issued on November 7, 2009, claiming "the ornamental design for a razor cartridge." A copy of the '904 Patent is attached hereto as Exhibit D.

12. Gillette is the owner, by virtue of assignment, of the entire right, title, and interest in and to U.S. Patent No. 5,813,293 ("'293 Patent"), issued on September 29, 1998, entitled "Shaving System and Method." A copy of the '293 Patent is attached hereto as Exhibit E.

13. Gillette has expended a great deal of time and money seeking federal protection of its intellectual property including, but not limited to, its unique, nonfunctional and distinctive product designs.

14. Gillette is in the business of, among other things, developing, designing, advertising and marketing personal care/grooming products for men. These personal care/grooming products include a variety of shaving products for men. Gillette, as part of the P&G family, is the global market leader in razors, shaving, and razor blade and shaving products.

15. For men, among other things, Gillette offers proprietary razors, razor blade cartridges, shaving blade units, razor blade dispensers, and refill razor blades under the Mach3® brand (including the Mach3®, Mach3® Turbo and Mach3® Sensitive brands) and Fusion® brand (including Fusion®, Fusion® Power and Fusion® ProGlide™ brands).

16. The Mach3® line of razor blade cartridges feature a unique, distinctive, non-functional design that embodies the design of the '751 Patent.

17. Gillette has established tremendous goodwill and proprietary design rights in the design of the Mach3® line of razor blade cartridges.

18. The Mach3® line of razor blade cartridges embodies at least one of the claims of the '293 Patent.

19. The Fusion® line of dispensers for razor cartridges are sold housed in a dispenser that features a unique, distinctive, non-functional design that embodies the design of the '518 Patent.

20. The Fusion® line of razor cartridges feature a unique, distinctive, non-functional design that embodies the design of the '684 Patent.

21. Gillette has established tremendous goodwill and proprietary design rights in the design of the Fusion® line of razor cartridges and dispensers for razor cartridges

22. The Fusion® ProGlide™ line of razor cartridges feature a unique, distinctive, non-functional design that embodies the design of the '904 Patent.

23. Gillette has established tremendous goodwill and proprietary design rights in the design of the Fusion® ProGlide™ line of razor cartridges.

### OVERVIEW OF DEFENDANTS JUBA RAZORS AND DOE DEFENDANTS

24. Upon information and belief, Defendant Juba Razors is an unincorporated entity operated by and in conjunction with various unknown John Doe(s) and Jane Doe(s) Defendants.

25. Upon information and belief, unknown John Doe(s) have registered the domain name for the website http://jubarazorshop.com (hereinafter "Juba Website").

5

26. Upon information and belief, various unknown John Doe(s) and Jane Doe(s) Defendants manage, operate and control the Juba Website, through which consumers purchase razor blade cartridges, shaving blade units, and dispensers for razor cartridges that infringe upon Gillette's intellectual property and design patent rights.

27. Upon information and belief, Juba Razors and the Doe Defendants (collectively, the "Juba Entities") offer for sale, via the Juba Website, a variety of products, including razor blade cartridges, shaving blade units, and dispensers for razor cartridges that it claims are "compatible" with Gillette Fusion® razor blades and Gillette Mach3® razors. See http://jubarazorshop.com/.

28. According to the Juba Website, products purchased from the website ship from Juba Razors' address in California.

29. Upon information and belief, the Juba Entities base a substantial component of the Juba Entities' business on direct copies and near exact imitations of Gillette's products that embody the designs of the '751 Patent, the '518 Patent, the '684 Patent, the '904 Patent and/or at least one of the claims of the '293 Patent.

30. To date, Gillette has been unable to ascertain appropriate contact information for the Juba Entities beyond the shipping address used on the Juba Website.

31. Gillette therefore files this Complaint seeking injunctive relief and damages from the Juba Entities, individually and collectively for joint and several liability, for the Juba Entities' willful infringement of Gillette's intellectual property and design patent rights.

**COUNT ONE – DIRECT INFRINGEMENT OF THE '751 PATENT BY THE JUBA ENTITIES**

32. Gillette restates and realleges paragraphs 1-31.

6

33. Gillette is the owner of the '751 Patent, which issued on April 11, 2000 and expired on April 14, 2014. The '751 Patent was valid and enforceable at the time of the infringement by the Juba Entities.

34. Upon information and belief, the Juba Entities, either alone or in concert with each other, have infringed the '751 Patent by making, designing, selling, and/or offering for sale razor blade cartridges that apply the design of the '751 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a).

35. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor blade cartridges made, designed, sold, and/or offered for sale by the Juba Entities and the patented design in the '751 Patent so as to be induced to purchase the razor blade cartridges through the Juba Website believing the razor blade cartridges sold by the Juba Entities to be substantially the same as the designs embodied by and protected under the '751 patent.

36. The Juba Entities, either alone or in concert with each other, have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the Juba Entities' willful infringement of Gillette's '751 Patent, pursuant to 35 U.S.C. §§ 284 and 289.

## COUNT TWO – DIRECT INFRINGEMENT OF THE '518 PATENT BY THE JUBA ENTITIES

37. Gillette restates and realleges paragraphs 1-36.

38. Gillette is the owner of the '518 Patent, which is valid and enforceable.

39. Upon information and belief, the Juba Entities, either alone or in concert with each other, have infringed, and continue to infringe, the '518 Patent by making, designing,

7

selling, and/or offering for sale dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a).

40. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor cartridge dispensers made, designed, sold, and/or offered for sale by the Juba Entities and the patented design in the '518 Patent so as to be induced to purchase the razor cartridge dispensers, either through the Juba Website believing the razor cartridge dispensers to be substantially the same as the design embodied by and protected under the '518 Patent.

41. The Juba Entities' deliberate and willful actions in infringing the design of Gillette's '518 Patent, either alone or in concert with each other, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

42. The Juba Entities, either alone or in concert with each other, have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the Juba Entities' willful infringement of Gillette's '518 Patent pursuant to 35 U.S.C. §§ 284 and 289.

## COUNT THREE – DIRECT INFRINGEMENT OF THE '684 PATENT BY THE JUBA ENTITIES

43. Gillette restates and realleges paragraphs 1-42.

44. Gillette is the owner of the '684 Patent, which is valid and enforceable.

45. Upon information and belief, the Juba Entities, either alone or in concert with each other, have infringed, and continue to infringe, the '684 Patent by making, designing, selling, and/or offering for sale razor blade cartridges that apply the design of the '684 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a).

8

46. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor blade cartridges made, designed, sold, and/or offered for sale by the Juba Entities and the patented design in the '684 Patent so as to be induced to purchase the razor blade cartridges through the Juba Website believing the razor blade cartridges sold by the Juba Entities to be substantially the same as the designs embodied by and protected under the '684 patent.

47. The Juba Entities' deliberate and willful actions in infringing the design of Gillette's '684 Patent, either alone or in concert with each other, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

48. The Juba Entities, either alone or in concert with each other, have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the Juba Entities' willful infringement of Gillette's '684 Patent, pursuant to 35 U.S.C. §§ 284 and 289.

### COUNT FOUR – DIRECT INFRINGEMENT OF THE '904 PATENT BY THE JUBA ENTITIES

49. Gillette restates and realleges paragraphs 1-48.

50. Gillette is the owner of the '904 Patent, which is valid and enforceable.

51. Upon information and belief, the Juba Entities, either alone or in concert with each other, have infringed, and continue to infringe, the '904 Patent by making, designing, selling, and/or offering for sale razor blade cartridges that apply the design of the '904 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a).

52. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor blade cartridges made,

9

designed, sold, and/or offered for sale by the Juba Entities and the patented design in the '904 Patent so as to be induced to purchase the razor blade cartridges through the Juba Website believing the razor blade cartridges sold by the Juba Entities to be substantially the same as the designs embodied by and protected under the '904 patent.

53. The Juba Entities' deliberate and willful actions in infringing the design of Gillette's '904 Patent, either alone or in concert with each other, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

54. The Juba Entities, either alone or in concert with each other, have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the Juba Entities' willful infringement of Gillette's '904 Patent, pursuant to 35 U.S.C. §§ 284 and 289.

### COUNT FIVE – WILLFUL INFRINGEMENT OF THE '293 PATENT BY THE JUBA ENTITIES

55. Gillette restates and realleges paragraphs 1-54.

56. Gillette is the owner of the '293 Patent, which is valid and enforceable.

57. On information and belief, the Juba Entities are infringing at least one claim of the '293 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale and/or importing in to the United States, without license or authority, the infringing product.

58. On information and belief, the Juba Entities' infringement of the '293 Patent has taken place with the knowledge of the '293 Patent and this infringement has been willful, deliberate, and intentional.

59. As a result of the Juba Entities' infringing activities, Gillette has been and will continue to be damaged and irreparably harmed unless and until such infringing activities are enjoined by this Court.

60. The Juba Entities, either alone or in concert with each other, have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the Juba Entities' willful infringement of Gillette's '293 Patent, pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gillette respectfully requests that the Court enter judgment:

A. In favor of Gillette and against the defendants on all claims;

B. Preliminarily and permanently enjoin and restrain Defendant Juba Razors and unknown John Doe(s) and Jane Doe(s) defendants and their respective officers, agents, employees, parents, subsidiaries, representatives, and all persons in active concert or participation with them against continued infringement of the '518 Patent, the '684 Patent, the '904 Patent, and the '293 Patent (35 U.S.C. § 283);

C. Order an accounting for Gillette's damages and/or for Defendants' profits derived from and/or related to Defendants' infringement of the '751 Patent, the '518 Patent, the '684 Patent, the '904 Patent, and the '293 Patent and award Gillette damages in amounts sufficient to compensate it for Defendants' infringement of the '751 Patent, the '518 Patent, the '684 Patent, the '904 Patent, and the '293 Patent (35 U.S.C. §§ 284 and 289 (excluding the '293 Patent));

D. Order an assessment of interest and costs against defendants (35 U.S.C. § 283);

E. To treble the damages awarded to Gillette by reason of Defendants' willful infringement;

F.  Find this to be an exceptional case and to award reasonable attorneys' fees to Gillette (35 U.S.C. § 285); and

G.  Award Gillette such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Gillette demands a trial by jury for all claims so triable.

Respectfully submitted,

*/s/ Tammy L. Imhoff*
Karen K. Gaunt (#0068418)
Tammy L. Imhoff (#0076720)
**DINSMORE & SHOHL, LLP**
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
Email: karen.gaunt@dinsmore.com
tammy.imhoff@dinsmore.com

2675122

*Counsel for Plaintiff The Gillette Company*